Ida M. Gogan *et al:*

*v.*

William P. Burdick.

*Opinion filed October 19, 1899.*

1. Dower—*what findings of fact will sustain a decree for dower.*
Findings that the deceased died seized in fee of specified real es-
tate, leaving surviving her the petitioner (her husband) and cer-
tain heirs, and that the premises set off to petitioner as his dower
are one-third part of the property of the deceased, are sufficient to
justify a decree vesting the property in petitioner for his dower.

2. Same—*when allowance of damages for detention of dower cannot be
sustained.* Damages for the detention of dower, allowed in a decree
vesting specified property in the petitioner for his dower, cannot
be sustained when the decree contains no recital authorizing the
allowance and the evidence is not preserved in the record.

Appeal from the Superior Court of Cook county; the
Hon. Theodore Brentano, Judge, presiding.

Rogers & Mahoney, and Frederick A. Willoughby,
for appellants.

John A. Murphey, Jr., and S. Laing Williams, for
appellee.

Mr. Chief Justice Cartwright delivered the opinion
of the court:

The appellee, William P. Burdick, filed his petition
in chancery in the superior court of Cook county, against
the appellants, Ida M. Gogan, William H. Burdick and
Burton E. Burdick, the only heirs-at-law of his deceased
wife, Sarah M. Burdick, seeking to recover his dower in
the lands whereof his said wife was seized of an estate
of inheritance during coverture. The petition was an-
swered, and the court decreed that the petitioner was
entitled to dower and appointed commissioners to set off
and allot the same to him. The commissioners reported
that they had set off lot 94 in H. G. Spafford's subdivi-
sion of the north-east quarter of the north-east quarter

of the south-east quarter of section 13, in township 39, north, range 13, east of the third principal meridian. The court approved of the report, and by its final decree vested said property in the petitioner as his dower in the property of his deceased wife described in the petition and decree, and ordered a writ of possession to put him in possession of said premises so set off to him. The court further decreed that the petitioner recover damages in the sum of $360 for detention of his dower from, October, 1897, to the entry of said decree, and that execution issue therefor.

The ground upon which a reversal is asked is that the decree is not supported either by findings of specific facts contained in it or by evidence preserved in the record establishing such facts. The settled rule is, that a party in whose favor a decree granting relief is rendered must sustain it by specific facts which justify it, either recited in the decree as proved on the hearing. and found by the court or by preserving the evidence establishing such facts. (*Marvin* v. *Collins*, 98 Ill. 510.) In the decree in this case the court found the specific facts that Sarah M. Burdick died seized in fee of the real estate therein described; that she left surviving her the said petitioner, her husband, and the defendants, her only heirs-at-law, and that the premises allotted and set off to the petitioner as his dower are one-third part of the said property of the deceased. These facts are sufficient to justify the decree vesting the said property in the petitioner for his dower. If Sarah M. Burdick was seized in fee at the time of her death and petitioner was her husband and survived her, she was seized during the marriage of an estate of inheritance and he was entitled to dower. The decree, however, adjudges to the petitioner $360 for damages, and it contains no recital which would authorize such a decree. There was a paper endorsed as a certificate of evidence and filed in the superior court, but that court found that it was never signed or sealed and was improp-

erly filed, and it was expunged and stricken from the record and files, so that there is neither recital in the decree nor evidence preserved showing the necessary facts to entitle petitioner to damages. The petition was filed August 25, 1898, and the allowance went back of the demand made by the commencement of the suit. Petitioner would be entitled to recover his damages from the time of his demand and a refusal to assign reasonable dower, but there is no finding or evidence of a demand, or the date of it, or what the damages, if any, were.

We are unable to sustain the decree for damages. In all other respects the decree is affirmed, but as to the allowance for damages it is reversed and the cause is remanded to the superior court, with leave to the petitioner to have a further hearing of his claim for damages if he shall be so advised. Appellants will pay two-thirds of the costs in this court and appellee one-third.

*Decree affirmed in part.*